# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

### PARTIES

A. Darren Hill, his heirs, successors, administrators, assigns, agents, and representatives, shall be referred to as "Hill."

B. Defendants Butt Foods, Inc., its incorporators, Board of Directors, officers, owners, shareholders, insurers, agents, past and present employees, representatives, successors, licensors, franchisors, assigns, partners, affiliates, parents, subsidiaries, divisions, branches, and every other person, partnership, corporation, association, organization, or entity acting directly or indirectly in its interest (Ray Butt's, III, and R.E. Butts, IV) and all others acting with or on behalf of it, personally, officially, or in any capacity whatsoever shall collectively be referred to as "Defendants."

C. Hill shall be referred to as the "Plaintiff."

D. Plaintiff and Defendants shall be collectively referred to as "the Parties."

### RECITALS

A. This Settlement Agreement and Release of Claims ("Agreement") is entered into by the Parties in the civil actions styled *Darren Hill v. Butts Foods, Inc., et. al,. 1:19-cv-01098* (the "Lawsuit") pending in the United States District Court, Western District of Tennessee, Eastern Division ("the Court").  This Agreement is made as a compromise between the Parties for the complete and final settlement of the claims released in this Agreement.

B. WHEREAS, on May 21, 2019, under the Fair Labor Standards Act ("FLSA"), Plaintiff filed the Lawsuit against Defendants.

C. WHEREAS, Defendants have denied the material allegations in Plaintiff's Complaint, and Defendants have continued to deny the material allegations throughout the pendency of the Lawsuits.

D. WHEREAS, the Parties, through counsel, have engaged arms-length negotiations, and have reached an agreement to settle all claims under the terms set forth in this Agreement.

F. WHEREAS, the Parties recognize the outcome in the Lawsuit is uncertain and achieving a final result through litigation requires additional risk, discovery, time, and expense.

G. WHEREAS, Plaintiff and his counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit.  After balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiff and his counsel believe the settlement as provided in this Agreement is in the collective best interests and represents a fair, reasonable, and adequate resolution of his claims.

H. NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

### 1. CONSIDERATION

To resolve the claims, Defendants agree to pay to Plaintiff and his counsel a total of $5,367.25 ("Settlement Sum"), which is intended to include the Plaintiff's payments, Plaintiff's attorneys' fees, and all of Plaintiff's and/or his attorneys' other costs and expenses. Defendants shall submit checks to Jackson, Shields, Yeiser & Holt no more than fourteen (14) days after the Court's approval of this Agreement for allocation as set forth in Paragraph 2.

### 2. SETTLEMENT SUM

As consideration for signing this Agreement and compliance with the promises made herein, Defendants agree to pay the sum of $5,367.25 dollars payable to Darren Hill and Jackson, Shields, Yeiser & Holt, representing $2,840.75 in reasonable attorney's fees and costs for which an appropriate Form 1099 will be issued, $1,263.25 in damages for non-timely payment of overtime wages for which an IRS form W-2 will be issued, and an additional $1,263.25 in liquidated damages for which an appropriate Form 1099 will be issued. The settlement payment shall be paid as follows: $5,367.25 will be paid within fourteen (14) days of the later of the following, the approval of the settlement by the Court or after all necessary tax documents have been provided to Defendants so that the settlement checks can issue.

### 3. CONSIDERATION

Plaintiff understands and agrees that he would not receive the monies and/or benefits specified in Paragraph 2, above, but for his execution of this Agreement and the fulfillment of the promises contained herein.

### 4. RELEASE OF CLAIMS BY PLAINTIFF

In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Plaintiff, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges Defendants and each of their predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, owners, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related Persons") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Plaintiff may now have, has ever had, or hereafter may have relating directly or indirectly to any wage and hour matter, including claims under the Fair Labor Standards Act, arising out of Plaintiff's employment with Defendants, including, but not limited to, claims for unpaid minimum wages and overtime wages, which, have been fully paid to Plaintiff prior to the execution of this Agreement, or are fully paid by way of Paragraph 2 of this Agreement. This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement or rights or claims involving the Tennessee Human

Rights At, the Civil Rights Act of 1964 and other Federal and State laws involving discrimination in employment.

## 5. NO ADMISSION OF LIABILITY

The Parties understand and acknowledge that this Agreement is the result of a compromise, and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendants. Defendants expressly deny any liability, responsibility, or wrongdoing as alleged in the Lawsuit. It is expressly understood by the Parties that as a result of this Agreement, Plaintiff shall not be deemed a "prevailing party" for any purpose, including any fee shifting statute, rule, or agreement and that Plaintiff's entitlement to attorneys' fees and costs are limited to the provisions of this Agreement.

## 6. DISMISSAL

Within three (3) business days of receiving the settlement fund and proof that the Plaintiff has been compensated, Parties will take the steps necessary to dismiss the Lawsuit with prejudice as to Plaintiff, with each party to bear its own attorneys' fees and costs.

## 7. SEVERABILITY OF PROVISIONS

Except as otherwise provided in this Paragraph, if any provision of this Agreement shall be finally determined to be invalid or unenforceable by a court of competent jurisdiction, that provision shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts of said provision or the remaining provisions of this Agreement.  If Paragraphs 2 or 3 of this Agreement or any of their subparts are deemed invalid or unenforceable in whole or in part by a court of competent jurisdiction, this entire Agreement shall be null and void, and any payments made by, or on behalf of, Defendants shall be repaid immediately.

## 8. KNOWING AND VOLUNTARY WAIVER

The Parties acknowledge and agree that, before entering into this Agreement, they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties other than the representations and warranties expressly set forth in this Agreement.

## 9. CONTINUING JURISDICTION

Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of the administration and enforcement of this Agreement.

## 10. CHOICE OF LAW

The enforcement of this Agreement shall be governed, and interpreted by and under the laws of the State of Tennessee.

**11. BINDING AGREEMENT**

This Agreement shall be binding upon and inure to the benefit of the Parties.

**12. NO THIRD-PARTY BENEFICIARIES**

This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation, or undertaking to any third party, which includes anyone who is not a signatory to this Agreement.

**13. COOPERATION CLAUSE**

The Parties acknowledge it is their intent to consummate this Agreement, and they agree to cooperate and exercise their best efforts to the extent necessary to effectuate and implement all of the terms and conditions of this Agreement. The parties also agree that neither shall take steps to publicize the terms of this agreement to any third persons other than as necessary for approval or for tax purposes.

**14. ENTIRE AGREEMENT**

This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

**15. CAPTIONS**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only and shall have no effect on the construction or interpretation of any part of this Agreement.

**16. WHEN AGREEMENT BECOMES EFFECTIVE; COUNTERPARTS**

This Agreement shall become effective upon its execution by the Parties. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**17. FACSIMILE SIGNATURES**

Execution by facsimile or email shall be deemed effective as if executed in original.

**18. SIGNATORIES**

Each person executing this Agreement warrants and represents such person has the authority to do so.

**19. DRAFTING**

Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any Party as drafter of this Agreement.

**20. NOTICE**

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally, telecopied or mailed postage pre-paid by first class mail or transmitted by e-mail to the following persons at their addresses set forth as follows:

**Plaintiff's Counsel:**

  Gordon E. Jackson
  J. Russ Bryant
  Paula R. Jackson
  Robert E. Turner, IV
  Nathanial Bishop
  Robert E. Morelli, III
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, Tennessee 38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745

**Defendants' Counsel:**

Louis P. Britt, III
Frank L. Day , Jr.
FORDHARRISON, LLP
1715 Aaron Brenner Drive
Suite 200
Memphis, TN 38120
901-291-1500
Fax: 901-291-1501

     **WHEREFORE**, Plaintiff and Defendants, by their duly authorized agents or counsel, have executed this Agreement as of the dates set forth below.

    **Plaintiff**

    Dated: _____

                         Darren Hill

    **Defendants**:

    Dated: _____          On Behalf of All Defendants

                         By:_____